**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAMIRO SAENZ,

    Defendant - Appellant.

No. 16-2035
(D.C. No. 2:14-CR-04116-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **LUCERO**, Circuit Judges.
_____

    Ramiro Saenz pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In his plea agreement, Mr. Saenz waived his right to appeal his conviction and his sentence, provided the sentence did not exceed the ten-year maximum statutory penalty authorized by law. The district court sentenced him to 72 months in prison, followed by three years of supervised release. This sentence was within the maximum statutory penalty, even though it was an upward variance from the advisory

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentencing guideline range. Nevertheless, Mr. Saenz filed a pro se notice of appeal. We have since appointed counsel to represent Mr. Saenz in this matter.

The government has moved to enforce the appeal waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). *Hahn* instructs us to enforce appeal waivers as long as three conditions are met: (1) the matter on appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice. *Id.* at 1325. Mr. Saenz does not address the *Hahn* factors in his response to the motion to enforce. Instead, he attacks the validity of the plea agreement by arguing that the sentence imposed by the district court deprived him of the benefit of the bargain.

Mr. Saenz too narrowly identifies the bargain he expected to receive from his plea agreement to be "the stipulations in the plea agreement, i.e. three points reduction for acceptance of responsibility and two points reduction as a downward variance to the advisory sentencing guidelines range." Resp. to Mot. to Enforce at 2. He received other benefits as well, such as the government's concession that it would not bring additional criminal charges against him arising out of these same facts.

Furthermore, the plea agreement left no doubt that Mr. Saenz's sentence was "solely within the discretion" of the district court, which could choose to vary from the advisory sentencing guideline range:

> The defendant understands that the above stipulations [to reductions
> from the base offense level and a guideline variance] are not binding on
> the Court and that whether the Court accepts these stipulations is a

2

matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

Mot. to Enforce, Exh. 1, Plea Agmt. at 5-6. The magistrate judge at the plea hearing reinforced this point as well:

> THE COURT: What you have to understand about both those agreements [the three-level reduction for acceptance of responsibility and the downward variance], and really everything that's under that stipulation section, is that those are simply agreements you have with the prosecutor, you know, with the U.S. Attorney's Office. . . . [I]f you go to your sentencing, you know, judge, it's possible that he or she could refuse to give you those reductions. And if that happened, you wouldn't be allowed to withdraw your guilty plea. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Mot. to Enforce, Exh. 2, Plea Trans. at 11-12.

Considered against this backdrop, the district court's rejection of the government's recommendation and its imposition of a 72-month sentence do not invalidate the plea agreement or make it an illusory contract. The government followed through on its end of the bargain when it recommended a 41- to 51-month sentence to the district court. And Mr. Saenz was well aware that the district court was free to reject that recommendation because the plea agreement was not binding

on the court.  There was mutual consideration in the plea agreement, and it is not otherwise unlawful.

Finally, our careful review of the record unequivocally demonstrates that the *Hahn* factors favor enforcing Mr. Saenz's waiver of appellate rights.  The matter on appeal falls within the scope of the waiver because Mr. Saenz agreed to "knowingly waive[] the right to appeal [his] conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law."  Plea Agmt. at 6.  It is clear from both the plea agreement and the Rule 11 colloquy that Mr. Saenz knowingly and voluntarily waived his appellate rights.  And enforcing the appeal waiver will not result in a miscarriage of justice

For these reasons, we grant the government's motion to enforce and dismiss the appeal.

Entered for the Court

Per Curiam